**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered) |
| LAWRENCE R. HIRSH, solely in his capacity as Litigation Trustee of the Franchise Group Litigation Trust,<br><br>Plaintiff,<br><br>v.<br><br>PCS ATLAS HOLDINGS LLC and PCS-ATLAS CO-INVEST L.P.,<br><br>Defendants. | Adv. Proc. No. 26-_______ (LSS) |

**COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS**
**PURSUANT TO 11 U.S.C. §§ 544, 548, AND 550 AND 6 DEL. C. § 1305(a)**

Lawrence R. Hirsh, Lawrence R. Hirsh, solely in his capacity as Litigation Trustee ("**Plaintiff**" or "**Litigation Trustee**") of the Franchise Group Litigation Trust (the "**Litigation Trust**"), by and through his undersigned counsel, brings this Complaint against PCS Atlas Holdings LLC ("**Atlas Holdings**") and PCS-Atlas Co-Invest, L.P. ("**Atlas Co-Invest**") (collectively, "**Defendants**" and each a "**Defendant**") to avoid a transfer made by Freedom VCM, Inc. on September 15, 2023 in the amount of $12,500,000, consisting of funds that were the

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 5835 NW 21st Way, Suite 200, Boca Raton, Florida 33496. For purposes of this Complaint, the term "**Reorganized Debtors**" or "**Debtors**" includes Franchise Group, Inc. and certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent, at https://cases.ra.kroll.com/FRG/. All of the motions, contested matters, and adversary proceedings that remained open as of the closing of any of the Reorganized Debtors' cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24 12480 (LSS).

property of Freedom VCM, Inc., and to recover that transfer or its value for the Litigation Trust. Plaintiff alleges the following good cause in support:

## NATURE OF THE CASE AND JURISDICTION

1. This action concerns a transfer in the amount of $12,500,000 made by Freedom VCM, Inc. ("**Freedom HoldCo**") to Defendants or one of them, as described by an Unsecured Promissory Note by and between Atlas Co-Invest (as "Maker") and a separate lender entity. Freedom HoldCo was not the lender under the note, received no benefit or value under the note, and did not receive any repayment under the note.

2. Plaintiff therefore seeks constructive-transfer avoidance and recovery under Title 11 of the United States Code (the "**Bankruptcy Code**"), specifically 11 U.S.C. §§ 548(a)(1)(B), 544(b)(1), and 550(a), together with 6 Del. C. § 1305(a).

3. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 7008-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), Plaintiff consents to the entry of a final order by the Court in connection with this adversary proceeding to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7. The statutory predicates for the relief requested are 11 U.S.C. §§ 544(b)(1), 548(a)(1)(B), and 550(a), and 6 Del. C. § 1305(a).

8. Plaintiff brings this adversary proceeding under Bankruptcy Rule 7001.

## PROCEDURAL BACKGROUND

9. On November 3, 2024 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court, commencing the above-captioned jointly administered chapter 11 cases (the "**Chapter 11 Cases**").

10. On June 2, 2025, the Court confirmed the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1596-1] (the "**Plan**"). The Plan became effective on June 6, 2025 [Docket No. 1605].

11. The Litigation Trust was established on June 6, 2025, and Plaintiff was appointed Litigation Trustee. Under the Plan and Litigation Trust Agreement, Plaintiff has authority to prosecute the within claims.

## PARTIES

12. Plaintiff is Lawrence R. Hirsh, solely in his capacity as the Litigation Trustee of the Litigation Trust established for the benefit of the Debtors' creditors under the Plan.

13. Freedom VCM, Inc., a Delaware corporation was a debtor and debtor in possession in the Chapter 11 Cases.

14. Defendant PCS Atlas Holdings LLC is a Delaware limited liability company with its principal place of business at 251 Little Falls Drive, Wilmington, DE 19808.

15. Defendant PCS-Atlas Co-Invest, L.P. is a Delaware limited partnership with its principal place of business at 251 Little Falls Drive, Wilmington, DE 19808.

## GENERAL ALLEGATIONS

16. Freedom HoldCo is a duly-formed Delaware corporation, and is a distinct entity separate and differentiated from Freedom VCM Interco, Inc., Freedom VCM Interco Holdings, Inc. ("Interco TopCo"), and Freedom VCM Holdings, LLC ("Freedom TopCo").

17. On September 14, 2023, Atlas Co-Invest, as Maker, executed an Unsecured Promissory Note in favor of Interco TopCo as Holder (the "Atlas Note"). Freedom HoldCo was not a party to the Atlas Note, nor was it a named lender or beneficiary thereunder.

18. Interco TopCo was the named lender and holder of all contractual payment rights under the Atlas Note.

19. On September 15, 2023, Freedom HoldCo (which was not a party to the Atlas Note), and *not Interco TopCo*, wired $12,500,000 directly to Defendants (the "Atlas Transfer").

20. Freedom HoldCo acquired no ownership interest in the Atlas Note or enforceable right to collect principal or interest.

21. The money transferred to Defendants was property of Freedom HoldCo.

22. Defendants received and exercised dominion over the funds comprising the Atlas Transfer.

23. Defendants, or someone on their behalf, made certain payments to Freedom TopCo – not to Freedom HoldCo - in December 2023.

24. Defendants did not make any payments to Freedom HoldCo on account of the transfer, either in whole or in part, or for any other purpose.

25. The transfer by Freedom HoldCo to Defendants was not on account of any debt owed by Freedom HoldCo to Defendants or either of them.

26. Freedom HoldCo received no enforceable reimbursement right, assignment of the Atlas Note, repayment, or other reasonably equivalent value, either directly or indirectly, in exchange for the Atlas Transfer.

27. Freedom HoldCo was insolvent on September 15, 2023, or became insolvent as a result of the Atlas Transfer. Its substantial indebtedness exceeded the fair value of its assets, and the uncompensated transfer further reduced assets available to creditors.

28. In addition, or in the alternative, as of the date of the Atlas Transfer, Freedom HoldCo (1) was engaged or was about to engage in a business for which its remaining assets were unreasonably small in relation to the business transaction, or (2) intended to incur or reasonably believed that it would incur debts beyond its ability to pay as they became due.

29. As of the date of the Atlas Transfer, Freedom HoldCo owed obligations to one or more creditors holding unsecured claims, which claims remained outstanding and were allowable as of the Petition Date.

**COUNT ONE**
**AVOIDANCE OF CONSTRUCTIVELY FRAUDULENT TRANSFER**
**11 U.S.C. § 548(a)(1)(B)**

30. Plaintiff incorporates the foregoing allegations as if fully restated herein.

31. Freedom HoldCo made the Atlas Transfer to Defendants on September 15, 2023, within two years before the Petition Date.

32. The Atlas Transfer conveyed $12,500,000 of Freedom HoldCo's property to Defendants.

33. Freedom HoldCo received no value, and certainly less than reasonably equivalent value, for the Atlas Transfer for the reasons recited above. Without limitation, Freedom HoldCo was not a lender under a note; another entity - not Freedom HoldCo - held the lending and

repayment rights; any repayment went to other recipients; and Freedom HoldCo received no corresponding value.

34. Freedom HoldCo was insolvent on the date of the Atlas Transfer or became insolvent as a result of such transfer, as alleged above. In the alternative, as of the date of the Atlas Transfer, Freedom HoldCo (1) was engaged or was about to engage in a business for which its remaining assets were unreasonably small in relation to the business transaction, or (2) intended to incur or reasonably believed that it would incur debts beyond its ability to pay as they became due.

35. The Atlas Transfer is therefore avoidable under 11 U.S.C. § 548(a)(1)(B).

36. Plaintiff requests avoidance of that transfer and recovery of the transferred property or its value under Count Three.

**COUNT TWO**
**AVOIDANCE OF CONSTRUCTIVELY FRAUDULENT TRANSFER**
**11 U.S.C. § 544(b)(1) AND 6 DEL. C. § 1305(a)**

37. Plaintiff incorporates the foregoing allegations as if fully restated herein.

38. As of the Petition Date, one or more creditors held unsecured claims against Freedom HoldCo allowable under 11 U.S.C. § 502, which claims arose before the Atlas Transfer, and which entitled such creditors to avoidance of the transfer under 6 Del. C. § 1305(a). Plaintiff invokes such creditors' avoidance rights under 11 U.S.C. § 544(b)(1).

39. Freedom HoldCo made the Atlas Transfer to Defendants on September 15, 2023, within the applicable state-law transfer period.

40. The Atlas Transfer conveyed $12,500,000 of Freedom HoldCo's property to Defendants.

41. Freedom HoldCo received no value, and certainly less than reasonably equivalent value, in exchange for the Atlas Transfer for the reasons recited above.

42. Freedom HoldCo was insolvent on the date of the Atlas Transfer or became insolvent as a result of such transfer, as alleged above. In the alternative, as of the date of the Atlas Transfer, Freedom HoldCo (1) was engaged or was about to engage in a business for which its remaining assets were unreasonably small in relation to the business transaction, or (2) intended to incur or reasonably believed that it would incur debts beyond its ability to pay as they became due.

43. The Atlas Transfer is therefore avoidable under 11 U.S.C. § 544(b)(1) and 6 Del. C. § 1305(a).

44. Plaintiff requests avoidance and recovery under Count Three.

## COUNT THREE
## RECOVERY OF PROPERTY PURSUANT TO 11 U.S.C. § 550(a)

45. Plaintiff incorporates the foregoing allegations as if fully restated herein.

46. Upon avoidance of the Atlas Transfer under either or both Count One or Count Two, Plaintiff is entitled under 11 U.S.C. § 550(a) to recover the avoided transfer or its value for the benefit of the Litigation Trust.

47. Defendants received the Atlas Transfer directly from Freedom HoldCo and, on information and belief, exercised dominion over it, making Defendant liable as the initial transferee under 11 U.S.C. § 550(a)(1).

48. Plaintiff therefore requests recovery of the avoided transfer or its value, in an amount of $12,500,000, with interest.

## RESERVATION OF RIGHTS

49. Plaintiff reserves the right to seek leave to amend this Complaint if discovery identifies additional facts, transfers, transferees, or defendants arising from the transactions alleged here.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Avoid the Atlas Transfer under 11 U.S.C. § 548(a)(1)(B) and/or under 11 U.S.C. § 544(b)(1) and 6 Del. C. § 1305(a);

B. Award recovery from Defendants under 11 U.S.C. § 550(a)(1) of the avoided transfer or its value, $12,500,000, jointly and severally, for the Litigation Trust;

C. Award prejudgment and postjudgment interest and taxable costs to the extent permitted by law; and

D. Grant such other and further relief as the Court deems just and proper.

Dated: November 2, 2026
Wilmington, Delaware

**RAINES FELDMAN LITTRELL LLP**

*/s/ Matthew P. Milana*

Thomas J. Francella, Jr. (No. 3835)
Matthew P. Milana (No. 6681)
824 N Market Street
Suite 805
Wilmington, DE 19801
Telephone: (302) 772-5803
Email: tfrancella@raineslaw.com
mmilana@raineslaw.com

Sarah E. Wenrich (*motion PHV forthcoming*)
Scott M. Hare (*motion PHV forthcoming*)
11 Stanwix Street, 15th Floor
Pittsburgh, PA 15222
Telephone: (412) 899-6458
Email: swenrich@raineslaw.com
share@raineslaw.com

*Counsel to Plaintiff Lawrence R. Hirsh, solely in his capacity as Litigation Trustee of the Franchise Group Litigation Trust*